UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THERESA NELSON | CIVIL ACTION |
| VERSUS | NO: 15-6320 |
| RAY BRANDT IMPORTS, INC., ET AL. | SECTION: "J" (2) |

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 12)** filed by Plaintiff, Theresa Nelson ("Plaintiff"), and an opposition thereto **(Rec. Doc. 17)** filed by Defendants, Ray Brandt Imports, L.L.C. and Harold Cochran ("Defendants"). Plaintiff also requested oral argument on this motion. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

On July 7, 2015, Plaintiff sought to purchase a used 2014 Volkswagen Jetta from Ray Brandt Imports, L.L.C. (hereinafter "Ray Brandt," incorrectly sued as Ray Brandt Imports, Inc.). Through its employee, Harold Cochran ("Cochran"), Ray Brandt entered into a contract with Plaintiff ("Contract No. 1"). On July 14, the parties signed Contact No. 1. Plaintiff provided a $5,000 down payment on the vehicle purchase. Contract No. 1 provided that the

1

interest rate would be $7.09\%$ APR. Over the five years of the loan term, Plaintiff would incur a finance charge of $2,162.66.

About two weeks later, Cochran called Plaintiff. According to Plaintiff, Cochran told her that she needed to complete additional paperwork on her purchase. When Plaintiff visited the dealership, Cochran presented her with a second contract ("Contract No. 2"). Contract No. 2 increased the interest rate to $14.61\%$ APR, resulting in an increase of $2,558.40 to the finance charge. Plaintiff initially refused to sign Contract No. 2. However, she claims Cochran threatened to have her arrested for theft of the vehicle if she left without signing the agreement. Thus, Plaintiff claims she signed Contract No. 2 under duress.

On November 4, 2015, Plaintiff filed suit in the Civil District Court for Jefferson Parish. Plaintiff alleged that Defendants violated the Louisiana Motor Vehicle Sales Finance Act ("LMVSFA"), which incorporates the federal Truth in Lending Act and the disclosure requirements of Regulation Z of the Code of Federal Regulations. Further, Plaintiff alleged that Cochran's behavior amounted to coercion under the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"). Finally, Plaintiff claimed that Defendants violated the Federal Odometer Act ("FOA").

Defendants removed the case to this Court on November 25, claiming that it raised a federal question. Plaintiff filed the

instant motion on December 23. Defendants opposed this motion on January 29, 2016.

## **PARTIES' ARGUMENTS**

Plaintiff asks the Court to remand this matter to state court. She contends that remand is proper because she is seeking relief under Louisiana statutes that incorporate federal law. Specifically, she claims that the LMVSFA incorporates the Truth in Lending Act and Regulation Z of the Code of Federal Regulations. Plaintiff also brought a claim under the LUTPA, which she states is based solely on Louisiana law. According to Plaintiff, federal courts lack subject matter jurisdiction over claims based on Louisiana statutes that incorporate federal law. Further, Plaintiff states that she will dismiss her FOA claims. Thus, Plaintiff argues that a remand is warranted because this Court lacks subject matter jurisdiction.

Defendants oppose the instant motion, arguing that Plaintiff clearly alleged a federal cause of action. Defendants point out that Plaintiff's FOA claims arise under federal law and that Plaintiff is seeking treble damages on the grounds that Defendants violated the statute with the intent to defraud. Defendants also take issue with Plaintiff's offer to dismiss her FOA claims. If she files a motion to dismiss the FOA claim, Defendants intend to oppose it. Defendants also argue that any post-removal amendment cannot divest a federal court of jurisdiction. Further, Defendants

3

contend that Plaintiff is attempting to "forum shop" and deprive Defendants of their right to a federal forum. Defendants also emphasize that Plaintiff's petition for damages contains a federal cause of action. Defendants are not relying on a federal defense to create federal jurisdiction. Thus, Defendants argue that Plaintiff's motion should be denied.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000). Thus, "a complaint amended post-removal cannot divest a federal court of jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *see also Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939) (The right to remove is based on the pleadings at time of removal, so the allegations in a second amended complaint are irrelevant). Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

A civil action originally filed in state court may be removed to federal court on the basis of federal question jurisdiction if that matter is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1331. In determining whether a matter is subject to federal question jurisdiction, courts apply the "well-pleaded complaint rule," which considers whether a federal question is presented on the face of a plaintiff's "well-pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Because the well-pleaded complaint rule focuses solely on whether a plaintiff has "affirmatively alleged" a federal claim, "potential defenses . . . do not provide a basis for federal question jurisdiction." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008) (citing *PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005)). In fact, removal is not warranted pursuant to federal question jurisdiction "on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 13 (1983).

Despite the applicability of the well-pleaded complaint rule, a claim originating in state law may still be found to arise under federal law if it falls within a "special and small category" of cases. *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), the Supreme Court articulated the test for determining whether a claim falls within this narrow category, finding that federal question jurisdiction attaches to state law claims where:

> (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.

*Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (citing *Grable*, 545 U.S. at 314)).

## **DISCUSSION**

Plaintiff's petition for damages states a federal cause of action. In the petition, Plaintiff alleges:

> Defendants also violated the Federal Odometer Act (49 U.S.C. [§] 32705) by failing to provide [Plaintiff] with an odometer statement indicating the mileage on said vehicle on the date of the purchase; hence defendants are liable for treble damages or $1,500.00, whichever is greater.

(Rec. Doc. 4-1, at 3.) As Defendants point out, several federal

6

courts have entertained claims arising under the FOA and state law. *See, e.g.*, *Ewers v. Genuine Motor Cars*, No. 07-2799, 2008 WL 755268, at *2 (N.D. Ohio March 19, 2008). Plaintiff's well-pleaded complaint alleges "a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Thus, these claims form the basis for federal subject matter jurisdiction.

Plaintiff's offer to dismiss her FOA claims is unavailing. Defendants plan to oppose any potential motion for partial dismissal. Because the FOA claims are still pending, a remand of the case is premature. Further, the jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia*, 233 F.3d at 883. "[A] complaint amended post-removal cannot divest a federal court of jurisdiction." *Cavallini*, 44 F.3d at 264. Because Plaintiff's petition stated a federal cause of action before removal, any post-removal amendment would not deprive this Court of jurisdiction.

Because Plaintiff's petition stated a federal cause of action on its face, it is unnecessary to examine the application of *Grable* to Plaintiff's LMVSFA and LUTPA claims. This Court has subject matter jurisdiction over Plaintiff's claims.

7

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 12)** is **DENIED**.

**IT IS FURTHER ORDERED** that oral argument on this matter, set for February 10, 2016, is **CANCELED**.

New Orleans, Louisiana this 2nd day of February, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE