UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THERESA NELSON                                    CIVIL ACTION

VERSUS                                            NO: 15-6320

RAY BRANDT IMPORTS, INC., ET                      SECTION: "J" (2)
AL.

## ORDER

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 26)** filed by Defendants Ray Brandt Imports, Inc. and Harold Cochran (Defendants), requesting summary judgment in their favor on all of Plaintiff's claims.[1] Plaintiff filed an *Opposition* (Rec. Doc. 33) thereto, which the Clerk of Court deemed deficient on September 28, 2016. The Notice of Deficient Document instructed Plaintiff to refile the *Opposition* within 7 days, and further advised that if the deficiency was not remedied by October 5, 2016, the document may be stricken by the Court. Plaintiff has not refiled the *Opposition*. On November 4, 2016, this Court issued an Order advising the parties that the *Opposition* has been stricken from the Court and will not be considered. (Rec. Doc. 38). Accordingly, Defendants' *Motion for Summary Judgment* **(Rec. Doc. 26)** is deemed to be unopposed.

---

[1] For a detailed description of the allegations in Plaintiff's complaint, see this Court's Order & Reasons Denying Plaintiff's *Motion to Remand* (Rec. Doc. 18).

Further, it appears to the Court that Defendants' *Motion for Summary Judgment* has merit with respect to Plaintiff's sole federal claim, which is that Defendants violated the Federal Odometer Act. *See* 49 U.S.C. 32705. Therefore, the Court finds summary judgment in favor of Defendants appropriate on this claim.

All other claims in this case are Louisiana state law claims. The Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . .[it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Neither the statutory provisions provided in 28 U.S.C. § 1367(c) nor the common law factors of judicial economy, convenience, fairness, and comity weigh in favor of the Court exercising supplemental jurisdiction over the remaining state law claims in this case. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011) (determining that all statutory and common law factors weighed in favor of remand after all federal law claims were deleted and only state law claims remained). Therefore, in keeping with the "general rule" of declining to exercise jurisdiction over pendent state-law claims following the dismissal of federal claims, the Court is of the opinion that the state law claims here should be heard by the state court. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

"Federal courts may relinquish jurisdiction by either dismissing the case without prejudice or in cases that have been removed, by remanding [them] to state court." *Bruneau v. Fed. Deposit Ins. Corp.*, 785 F. Supp. 585, 590 (E.D. La. Feb. 21, 1992) (citing *Carnegie-Mellon Univ.*, 484 U.S. at 351). Because this case was removed to federal court, it will be remanded back to state court for resolution of the remaining state law claims.

Accordingly,

**IT IS ORDERED** that Defendants' *Motion for Summary Judgment* **(Rec. Doc. 26)** is **GRANTED in part, and DENIED in part**.

**IT IS FURTHER ORDERED** that Defendants' *Motion for Summary Judgment* is **GRANTED** as to Plaintiff's Federal Odometer Act claim.

**IT IS FURTHER ORDERED** that Defendants' *Motion for Summary Judgment* is **DENIED** as to all remaining state law claims. The case shall be hereby remanded to the Second Parish Court, Parish of Jefferson, State of Louisiana for resolution of these claims, and the Court renders no opinion on their merit.

New Orleans, Louisiana, this 9th day of November, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE